Battle, J.
 

 The construction placed by his Honor, in the court below, upon the private act, for the violation of which this suit was brought, was, in our opinion, correct. The mischief which the act was intended to remedy, is recited in its preamble, and it was “in consequence of improper persons being permitted to keep ordinaries and to retail spirituous liquor by the small measure,” in the towns of Wilmington and Newbern. The power of granting licenses to keep ordinaries and retail spiritous liquors in this State was, at that time, as it is now, confided to the county courts. (See Act of 1798, ch. 501, of the Revised code of 1820.) Any person might then
 
 *162
 
 apply for such license, and the court might, in its discretion, grant it.to him, unless it should appear that he was a person of “ gross immorality, or of such poor circumstances and slender credit,” that he could not comply with the conditions upon which he was to obtain it: upon obtaining-his license, each person was to pay certain fees to the clerk of the court for his own use, and a certain tax to the sheriff for the use of the State ; and the license thus obtained was to continue in force for one year, and no longer. The disregard which the justices of the county courts of New TIanover and Craven showed to the restrictions 'of the Act, or the loose construction which they put upon the terms,
 
 “
 
 gross immorality ” and “ poor circumstances and slender credit,” produced the abuses and irregularities in the towns of Wilmington and Newbern which rendered necessary the private act in question. That act, as will be seen by reference to the second section, makes no change in the granting power, nor in the terms and duration of the license, nor the manner in which it was to be procured. But for the security and protection of the towns named, each applicant to the county court for license, must produce a certificate of his having applied to, and obtained from the commissioners of the town, a permission to retail therein,
 
 “
 
 which certificate and permission shall be valid and in full force for the term of one year from the time it is granted, and no longer and then a penalty is imposed upon every person who shall presume to retail spirituous liquors without such permission. The plaintiff contends, that no person obtaining such permission, can retail beyond the year for which it was granted, though he may have procured a license from the county court which extends beyond that time. Such a construction of the act seems to us entirely inadmissible. The error consists in the supposition, that the certificate of the permission, obtained from the board of commissioners, confers a portion of the authority to retail; but, in truth, that is derived entirely from the county court, as is manifest from an inspection of the second section above referred to. The certificate of the commissioners is only a recommendation to the county court, that
 
 *163
 
 the applicant is a fit person to be licensed to retail within the limits of the town. It is an indispensable pre-requisite, -without which the county court cannot confer a license, and for obvious reasons the certificate has limits assigned to it, beyond which it cannot operate. The person recommended might fall into bad habits, and become grossly immoral; but it was not thought probable that such a change for the worse, would come over him in the short space of twelve months. Hence the county courts were allowed to act upon it at any time within that period, but not afterwards. It was but a prudent precaution to require a new certificate of character every year.
 

 But there is another objection to the plaintiff’s construction of the Act, suggested and strongly insisted upon by the defendant’s counsel: the license is always granted for one year, and if the certificate of permission had the effect contended for, the two must always be cotemporaneons, which is, strictly speaking, impossible ; because the certificate must be first obtained, and that would admit at least of an instant of time to intervene. But if that view-be considered too much like sticking in the bark, yet it must be confessed that the other would require the certificate to be obtained at least during the term of the court at which the license is granted. This would necessarily be so inconvenient in practice that we can hardly suppose it was ever intended. At all events, the construction adopted by the Superior court, in which we concur, is fully justified by the words of the act; and besides being reasonable, and convenient, makes all the provisions harmonious with each other.
 

 Pek CueiaM. Judgment affirmed.